Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

United States Courts
Southern District of Texas
FILED

DEC 14 2020

David J. Bradley, Clerk of Court

Santiago Cruz Jr.

versus

Harris County
Treasury, of
Self - Insurance

§
§
§
§
§
§
§

20 CV 4241

CIVIL ACTION NO. _____

## ORIGINAL COMPLAINT

Plaintiff Original Petition on No-Judicial malpractice of Professional Acts and Misconduct claim in Lieu of Harris County Treasury, of Self-Insurance For Summary Judgement. "sealed"

Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the First, Fifth, Eighth, Ninth and Fourteenth Amendments of the federal Constitution, by the defendant under color of law in his capacity as a Judge in the Court of Harris County Civil Court of Texas .

"Plaintiff brings this action against Harris County Treasury of Self Insurance in lieu of a Harris County Judges of Civil Jurisdiction 312th Harris County Court (2018 ), of a (retired) or Assistant Presiding Civil Judicial Officers, pursuant to Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional rights guaranteed in the amendments to the U.S. Constitution and redressable, pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971)."

Be aware that the issues of whether federal or civil judicial officers

1

can in fact be sued under this authority is unresolved, but my opinion is that there is a strong implication in the affirmative based on the language in many cases.

## Parties

Plaintiff; Santiago Cruz is a natural person residing at 11702 River Vine Ct Harris County, Tomball TX..

Respondent; Harris County Treasury, of Self-Insurance in leu of claim to once presiding Judges at 312th Harris County Judicial Civil Court seated (2018) David Farr and Judy Waner

## "Statement of Case"

Harris County Treasury, a self insurance holdings of Harris County Judges bonds. And inside the bonds has the information of the third party insurance to put a claim to Harris County Judges. Party of the (312th Judicial seats of year 2018) breached a non-judicial malpractice of professional acts and misconduct in Divorce Case 2017-77407. In this petition there is a remedy that can be met by

2

legal standards. The legal term preponderance of the evidence is greater weight of the evidence as required in a civil (non-criminal) lawsuit for the trier of fact (jury or judge without a jury) will show in favor of the Plaintiff. A current noncompliance case of 2017-77407 at county level will not have a remedy. So therefore a cause of action by UNITED STATES DISTRICT COURT is a venue to act as the remedy. I the Plaintiff can possiably get my half of the community business but not employment as once before. In retrospect, Plaintiff a 30% veteran was forced out of his homestead for having children living at home ,(ages 21,23,25 adults) Then Plaintiff in good faith gave management rights to ex wife to run the two businesses. Plaintiff was still able to work at 30% disablied in his businesses. Three weeks awaiting Judges David Farr/Judge Judy Warner of signed Temporary orders untill or after 3 weeks without notification, not giving plaintiff time and unaware whom opposing attorney modified orders giving Ex wife executive rights to run both businesses. Plaintiff could no longer work in his businesses and was being served for contempt of court for contempt of information for speaking to his bussiness associates, and on the run from being served for six months. The Plaintiff/Army Veteran had to retire early

3

without being able support himself and homeless. The 312th Judges executed and abuse of proceedure with negative afflection was breached. Judges cause of action of wrongful interference of existing contractual rights was breached. This abuse of process was wrongfully breached. This intrusion upon seclusion with an expected right of personal property was breached. The 312th Judges deminished plaintiffs power in business ownership was breached. Plaintiff has no crimminal record, These 312th Judges judicialy got Plaintiff fired from all his contractual piece work jobs. Judges of 312th David Farr and Judy Warner non judicial professionalism acts of misconduct are irrevocable. Then on the final divorce decree dated 17 December 2018 Judge Farr signed with or without knowing, no community property accounts receivable to the plaintiff of his community property of bussiness , whom were never given over to plaintiff to this day. The Judge signed an incomplacement divorce degree, without checking to see the status up date of his decision before signing the divorce decree, So the plaintiff couldn't go back to work, for Judges non-judicial malpractice acts and his/her professional misconduct. Breach of fraud in the factum and professional negligence.

4

Defamed by these Judges they are liable under Texas Civil Right Tort Claims Sec. 102.002. PAYMENT OF CERTAIN TORT CLAIMS.

(a) A local government may pay actual damages awarded against an employee of the local government if the damages:(1) result from an **act** or omission of the employee in the course and scope of his employment for the local government; and **(2) arise from a cause of action for negligence.**

(b) The local government may also pay the court costs and attorney's fees awarded against an employee for whom the local government may pay damages under this section.

(c) Except as provided by Subsection (e), a local government may not pay damages awarded against an employee that: (1) arise from a cause of action for official misconduct; or (2) arise from a cause of action involving a wilful or wrongful act or omission or an act or omission constituting gross negligence.

(d) A local government may not pay damages awarded against an employee to the extent the damages are recoverable under an

insurance contract or a self-insurance plan authorized by statute.

(e) A local government that does not give a bond under Section 1105.101(b), Estates Code, shall pay damages awarded against an employee of the local government arising from a cause of action described by Subsection (c) if the liability results from the employee's appointment as guardian of the person or estate of a ward under the Estates Code and the action or omission for which the employee was found liable was in the course and scope of the person's employment with the local government.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985. Amended by Acts 1997, 75th Leg., ch. 924, Sec. 3, eff. Sept. 1, 1997. Amended by: Acts 2017, 85th Leg., R.S., Ch. 324 (S.B. 1488), Sec. 22.007, eff. September 1, 2017.

Sec. 102.003. MAXIMUM PAYMENTS. Payments under this chapter by a local government may not exceed:

(1) $100,000 to any one person or $300,000 for any single occurrence in the case of personal injury or death; or

(2) $10,000 for a single occurrence of property damage, unless the

local government is liable in the local government's capacity as guardian under the Estates Code and does not give a bond under Estates Code, in which event payments may not exceed the amount of the actual property damages.

What kind of factual pattern would give rise to a successful claim under the federal civil rights law? Title 42 U.S. Code § 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction there of to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Judge permited an ex parte signage, i.e. seizure of community accounts recievable in bussinesses without giving Me/ Plaintiff proper notice of loosing all employment The hearing in a state county court proceedings, deprived Plaintiff of a future in working

any longer without due process, violating the Fifth Amendment as well as the Fourteenth Amendment.

Ex parte restraining orders forcing men or women out of their homes based on abuse allegations in state courts are a primary and rampant example of violations of constitutional rights today, and certainly actionable in federal court.

The first ten amendments of the Bill of Rights are self explanatory. Violations of any of the rights described in these amendments give rise to causes of action, both against state and county district judges under Title 42 U.S.C. § 1983 and arguably against federal judges in Bivens actions.

**1A. Exhibit Z**  Dated 1/12/2017 awarded 30% Veterans Disability "Petitioner can still work".

**1. Exhibit Y** Case number 2017-77407 Judge David Farr/ Assistant Judy Warner of the 312th Judicial District of Harris County Civil Court House on 201 Caroline Houston Texas 77002 16th floor,

SYLLABUS; **PETITION'S SUMMARY OF RELIEF REQUESTED AT**

**TEMPORY ORDERS HEARING.** page 1

Filed and / or signed 1/15/2018 / 1/23/2018

Temporary Operation of Business Danielle (Exwife)shall continue to run and maintain the community businesses Geotech and Water Alternative in full force and without burden or intervention.

**2. Exhibit X** Case number 2017-77407 Judge David Farr/Assistant Judy Warner of the 312t$^h$ Judicial District of Harris County Civil Court House on 201 Caroline Houston Texas 7700216t$^h$ floor, SYLLABUS; **TEMPORARY ORDERS** page 2

Filed and / or signed 2/23/2018

It is Ordered that Petitioner have the exclusive and private ability to run and maintain the businesses Geotech and water Alternative and the corresponding accounts and documents utilized in conducting business in full force and without burden of intervention by Respondent (exwife).

Violates

9

Eighth Amendment, the Eighth Amendment prohibits cruel and unusual punishments, but also mentions "excessive fines" and bail. The "excessive fines" clause surfaces (among other places) in cases of **civil and criminal forfeiture,** for example when property is seized during a drug raid.I. Forfeiture under §§ 881(a)(4) and (a)(7) is a **monetary** punishrnent and, as such, is subject to the limitations of the Excessive Fines Clause. Pp. 2804-12.

(a) The determinative question is not, as the Government would have it, whether forfeiture under §§ 881(a)(4) and (a)(7) is civil or criminal. The Eighth Amendment's text is not expressly limited to criminal cases, and its history does not require such a limitation. Rather, the crucial question is whether the forfeiture is monetary punishment, with which the Excessive Fines Clause is particularly concerned. Because sanctions frequently serve more than one purpose, the fact that a forfeiture serves remedial goals will not exclude it from the Clause's purview, so long as it can only be explained as serving in part to punish. See United States v. Halper, 490 U.S. 435, 448, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487. Thus, consideration must be given to whether, at the time the Eighth Amendment was ratified,

10

forfeiture was understood at least in part as punishment and whether forfeiture under § 881(a)(4) and (a)(7) should be so understood today. Pp. 2804-06.

**3A. Exhibit W** Case number 2017-77407 Judge David Farr/ Assistant Judy Warner of the 312th Judicial District of Harris County Civil Court House on 201 Caroline Houston Texas 77002 16th floor,

SYLLABUS; **MOTION FOR ENFORCEMENT OF TEMPORARY ORDERS BY CONTEMPT** pages 1 and 2 (against the Plaintiff)

Filed and signed 3/2/2018

Violation 1. On Monday, February 26, 2018, Respondent went to the Clearbrook City MUD office, one of the businesses that the parties' contracts with, to demand issuance of 1099 and other business-related documents. Respondent told the employees at the MUD that Petitioner would soon be arrested on felony charges.

Violation 2. Additionally on Monday, February 26, 2018, Respondent went to the County Terrace water management

11

company, one of the businesses that the parties' contracts with, to demand issuance of 1099 and other business-related documents

Violation 3. Further still on Monday, February 26, 2018, in the GeoTech business e-mail address, Respondent opened an e-mail from Clearbrook City MUD addressed to Petitioner and sent an outgoing e-mail from that same e-mail address stating that his attorney would be calling the MUD the following day

Violation 4. As well on Monday, February 26, 2018, in the GeoTech business e-mail address, Respondent sent an outgoing e-mail to Country Terrace stating that Petitioner is not the DBA holder for the business.

Violation 5. On Tuesday, February 27, 2018, in the GeoTech business e-mail address, Respondent sent an outgoing e-mail to Clearbrook City MUD stating that his attorney would be calling the MUD the following day.

Violation 6. On Wednesday, February 28, 2018, in the GeoTech business e-mail address, Respondent sent an outgoing e-mail to Clearbrook City MUD stating erroneously the Temporary Orders

12

signed in the case were not signed until February 27, 2018, and made an intentional misrepresentation that the orders were being amended, and falsely stated that Petitioner has pending felony charges

**3B. Exhibit V** Dated 3/30/2018 awarded 100% Veterans Disability **"Petitioner could no longer work from Judges breaches and retires".**

Wherefore plaintiff prays this Court issues equitable relief as follows: I pray that the United States District Court uses the definition of legal term preponderance. That the evidence show 51% or greater. That my claims are true and correct in my arguments. That this court will declare favor with a summary judgment **(Exhibit T)** to the plaintiff, I the Petitioner got foreited/and sanctioned of employment by these judges in my businesses that I started in my sole name on the DBA and kept up with for 25 years to have a Judicial System, of Judges whom took my livelihood away in an unjust manner and gave it all away. Please keep in mind that even if I get back my half of the community business that I will no longer be able to go back to

13

working in it because of the Veterans Admistration will not allow me without paying back every penny back the Veterans disability. Champion the sufferings of the marginalized and intercede your justice to those who don't honor there oath to of gavel (**Exhibit S)**. Your powerful intercession is needed. I put my trust and confidence in you.

And

Please issue injunctive relief commanding defendant Harris County Treasury, Of Self Insurance to uphold the Texas Constitution of Indentured Trust Bond and Third Party Insurance of these Judges at the level in the Texas State Controllers office and not hold on to a hide and seek bond and insurance information in there department as it is now. An insurer that is found to have acted in bad faith can be liable for damages in excess of the policy limits, including liability for judgments in excess of the policy's limits, statutory penalties, interest, emotional distress, consequential economic losses, attorneys' fees, and punitive damages. In bad faith cases, punitive

damages are usually determined not solely with regard to what the insured's actual losses were, but also with regard to the insurer's wealth.

And

Please issue declaratory relief as this Court deems appropriate just because I have the right to work and retire at my own discretion not by being forced by breached causes of actions by Judges.

And

Please issue conversion compentory damages "economic losses" of relief as this Court deems appropriate totaling $2,352,000 ; for per year of averaging $14,000 per month of work revenue of loss wages till age of 67 years old of full retirement from years 2018-2031 totaling fourteen years. **Exhibit U averaging showing 3 monthly deposites.**

Tort Laws; Damages are a monetary award ordered by the court to be paid to an injured party, by the party at fault. Damages may be awarded in compensation for loss of, or damage to, personal or real property, for an injury, **or for a financial loss. U.S. Code §**

15

**6611** - Damages in tort claims(a) In general A party to a Y2K action making a tort claim, other than a claim of intentional tort arising independent of a contract, may not recover damages for economic loss unless— (1)the recovery of such losses is provided for in a contract to which the party seeking to recover such losses is a party; or (2)such losses result directly from damage to tangible personal or real property caused by the Y2K failure involved in the action (other than damage to property that is the subject of the contract between the parties to the Y2K action or, in the event there is no contract between the parties, other than damage caused only to the property that experienced the Y2K failure), and such damages are permitted under applicable Federal or State law. (b) Economic loss For purposes of this section only, and except as otherwise specifically provided in a valid and enforceable written contract between the plaintiff and the defendant in a Y2K action, the term "economic loss" means amounts awarded to compensate an injured party for any loss, and includes amounts awarded for damages such as— (1) lost profits or sales;

(2)business interruption;

(3)**losses indirectly suffered as a result of the defendant's wrongful act** or omission;

(4)losses that arise because of the claims of third parties;

(5)losses that must be pled as special damages; and

(6)consequential damages (as defined in the Uniform Commercial Code or analogous State commercial law).

(c)Certain other actions

A person liable for damages, whether by settlement or judgment, in a civil action to which this chapter does not apply because of section 6603(c) of this title whose liability, in whole or in part, is the result of a Y2K failure may, notwithstanding any other provision of this chapter, pursue any remedy otherwise available under Federal or State law against the person responsible for that Y2K failure to the extent of recovering the amount of those damages.

  And

Please award plaintiff his costs of litigation.

Respectfully submitted,

...

Santiago Cruz Jr.

11702 River Vine Ct.

Tomball Texas 77377

832 616 1395

Statement of Verification

I have read the above complaint and it is correct to the best of my knowledge.

signature....