United States District Court
Southern District of Texas
**ENTERED**
June 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANTIAGO CRUZ, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-04241 |
| | § | |
| HARRIS COUNTY TREASURY, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion for Summary Judgment filed by Defendant Harris County Treasury, of Self Insurance ("Harris County Treasury") (Dkt. 27). On June 10, 2022 the parties appeared for docket call and the case was continued for trial until after the Court's ruling on the pending motion for summary judgment. After reviewing the pleadings, the evidence submitted, and the record of this case, the motion for summary judgment is **GRANTED**.

## FACTUAL BACKGROUND

In this case Cruz asserts claims under 42 U.S.C. § 1983 against the "Harris County Treasury of Self Insurance in lieu of a Harris County Judges of Civil Jurisdiction 312th Harris County Court (2018)" for violation of his First, Fifth, Eighth, Ninth and Fourteenth Amendment rights. Dkt. 1 at p. 2. In support of these claims, Cruz alleges that The Harris County Treasury "breached a non-judicial malpractice of professional acts and misconduct in Divorce Case 2017-77407 when [a] Judge permitted an ex parte signage, i.e. seizure of

1

community accounts rec[ei]vable in bus[]inesses without giving [him] proper notice of lo[]sing all employment." Dkt. 1 at p. 2-3, 7.

In its pending motion, The Harris County Treasury asserts that it is entitled to summary judgment on these claims because (1) it is *non suis juris,* lacking the capacity to sue or be sued and (2), assuming it could be sued, Cruz has not established municipal liability under 42 U.S.C. § 1983, as required by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), to prevail in this action. This case has been called to trial and Cruz has now had almost three months to respond to The Harris County Treasury's motion. He has not done so.[1] For the reasons stated below, the motion for summary judgment should be granted.

## LEGAL STANDARDS

### Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). To survive summary judgment, the nonmovant must

---

[1] Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. Tex. L.R. 7.3, 7.4(A). Plaintiff's response to the Motion for Summary Judgment was due March 25, 2022. No opposition was filed by that date. The Local Rules provide that failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.3, 7.4. Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition.

"present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015).

The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, the Court must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

**42 U.S.C. § 1983 Suits Against Governmental Entities**

42 U.S.C. § 1983 provides a private right of action for the deprivation of rights, privileges, and immunities secured by the Constitution or laws of the United States. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

3

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137 (1979)). To establish § 1983 liability, plaintiff must prove that she suffered "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citing *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir. 1986)). Plaintiff must also show that the constitutional or statutory deprivation she suffered was intentional or due to deliberate indifference and not the result of mere negligence. *Id.* (citing *Baker*, 99 S. Ct. at 2695).

To state a claim under Section 1983 against a governmental entity, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

> "An official policy is either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."

*McIntosh v. Smith*, 690 F. Supp. 2d 515, 530 (S.D. Tex. Feb. 2, 2010) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

A local government's decision not to act can be unconstitutional where the failure amounts to "deliberate indifference" to the violation of an individual's constitutional rights. *See e.g. Connick v. Thompson*, 563 U.S. 51 (2011). Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of its action." *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410 (1997). A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of his decision. *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 411 (1997).

## ANALYSIS

### 1. *Non Sui Juris*

First, The Harris County Treasury asserts that it is entitled to judgment in this action because it is a *non sui juris* division of Harris County, Texas and thus lacks the capacity to sue or be sued as a matter of law. The Court agrees.

A department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit. *Darby v. Pasadena Police Dept.,* 939 F.2d 311, 313 (5th Cir.1991). The capacity of an entity to sue or be sued is determined by the law of the state where the action is filed and it is the plaintiff's burden to establish that the county department has the capacity to be sued. *Id.* at 314. Cruz alleges that he is suing the "Harris County Treasury of Self Insurance in lieu of a Harris County Judges of Civil Jurisdiction 312th Harris County

5

Court (2018)" Dkt. 1 at p. 2. However, it is undisputed The Harris County Treasury is merely a subdivision or a department of Harris County, Texas and is not a separate entity capable of independent legal action. *See id.*; Dkt. 27 at 7. Accordingly, The Harris County Treasury is entitled to summary judgment in this action.

### 2. Cruz Has Failed to Establish Any Claim under 42 U.S.C. § 1983

Next, assuming that Cruz could sue The Harris County Treasury in this action, he has failed to establish any claim under 42 U.S.C. § 1983 for municipal liability. Cruz has not established that The Harris County Treasury had actual or constructive knowledge of any unconstitutional practice, custom, or policy that was the moving force behind his alleged injury. There is no summary judgment evidence of any prior incidents of alleged constitutional violations similar to the one alleged in this case. Nor has Cruz established that The Harris County Treasury's conduct demonstrated a deliberate indifference to the risk that a violation of his constitutional rights would follow it decided not to act with respect to any judge's decision. Accordingly, The Harris County Treasury is entitled to summary judgment on Cruz's Section 1983 claims against it.

### CONCLUSION

For the reasons stated above The Harris County Treasury's motion for summary

judgment (DKT. 27) is **GRANTED**. All other pending motions are **DENIED AS MOOT**.

      SIGNED at Houston, Texas, this 21st day of June, 2022.

 

                                     *George C. Hanks, Jr.*
                                    GEORGE C. HANKS, JR.
                        UNITED STATES DISTRICT JUDGE

7